# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff<br><br> v.<br><br>Mikaela Cuevas,<br><br>      Defendant | Case No. 2:22-cr-00286-CDS-BNW<br><br>**Order Granting in Part and Denying in Part Defendant's Motion to Seal**<br><br>[ECF No. 30] |

  Defendant Mikeala Cuevas moves for leave to file a sentencing memorandum under seal alleging it contains "protected medical information as well as other sensitive information." ECF No. 30. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption [of public access to judicial records] by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks and citation omitted). The court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alteration in original). There must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1100 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents "more than tangentially related to the merits of a case"). What constitutes a "compelling reason" is "best left to the sound discretion of the trial

court." *Nixon*, 435 U.S. at 599. And courts in the Ninth Circuit have repeatedly recognized that maintaining a person's privacy over their medical records and information is a compelling reason to seal documents. *Abbey v. Haw. Emps. Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (collecting cases).

Here, Cuevas seeks to file her sentencing memorandum and accompanying exhibits (ECF No. 31) under seal. But Cuevas has presented no factual findings—or any argument whatsoever—as to why all the documents should be sealed, and a mere reference to medical or sensitive information does not meet the compelling reasons standard. However, after a review of the memorandum and accompanying exhibits, I find that there is a compelling reason to seal a portion of Cuevas' sentencing memorandum because of the sensitive nature of the historical personal information contained within it. I also find there is a compelling reason for exhibit B to remain under seal because it contains a psychological evaluation and expert opinion of the defendant. And I find that Cuevas' interest in protecting those details substantially outweighs the public's right of access to such information.

But the rest of Cuevas' sentencing memorandum does not reveal those details, and there is no other compelling reason to file the remainder of the memorandum under seal. Cuevas has not addressed the possibility of redaction pursuant to Fed. R. Civ. P. 5.2(a). Without the presentation of compelling reasons, redaction is the preferred method to protect Cuevas' confidential information and alleviates the need to seal the entire document. *Chaker-Delnero v. Nevada Federal Credit Union*, 2:06-cv-00008-JAD-EJY, at *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential information can instead be redacted.") (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)); *see also Jaramillo v. Area 15 Las Vegas LLC*, 2:21-cv-00891-RFB-BNW, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document."). Therefore, the defendant is instructed (as directed below) to file a redacted version of the sentencing memorandum on the public docket.

IT IS THEREFORE ORDERED that the defendant's motion to seal the sentencing memorandum **[ECF No. 30] is GRANTED in part and DENIED in part**. The defendant is to redact the first paragraph of the memorandum and section IV(A) from the bottom of page 8 through page 10, line 15. Counsel is advised to file the redacted version of the sentencing memorandum (ECF No. 31), index of exhibits (ECF No. 31-1), exhibit A (ECF No. 31-2), and exhibit C (ECF No. 31-4) using the "Notice of Corrected Image/Document" event to link it to the existing filing (ECF No. 31). The Clerk of Court is kindly instructed to maintain the seal on exhibit B (ECF No. 31-3).

Counsel is reminded that all motions to seal must address the compelling reasons standard articulated in *Ctr. for Auto Safety* and explain why that standard has been met. 809 F.3d at 1097.

Dated: September 22, 2023

_____
Cristina D. Silva
United States District Judge